# United States Court of Appeals for the Fifth Circuit

No. 24-20505
CONSOLIDATED WITH
No. 24-20545

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2025

Lyle W. Cayce
Clerk

ROOSEVELT L. LINICOMN, JR.,

*Plaintiff—Appellant*,

*versus*

HARRIS COUNTY SHERIFF'S OFFICE; HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE; HARRIS COUNTY COMMISSIONERS COURT; STEVEN BELT; MICHELLE ANDERSON; E. CRAIN; B. EVANS; E. WILRICH; A.C. HUSLEY; PATRICK J. RUZZO; UNITED STATES ATTORNEY OFFICE,

*Defendants—Appellees*.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-389

Before BARKSDALE, OLDHAM, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20505
c/w No. 24-20545

Roosevelt L. Linicomn, Jr., proceeding *pro se* in district court and on appeal, contests the dismissal of his action, filed under 42 U.S.C. § 1983. His notice of appeal is untimely. *See* Fed. R. App. P. 4(a)(1)(A) (30-day deadline unless United States agency, officer, or government is party).

Along that line, he contends his appeal was subject to a 60-day deadline, asserting his action named the United States Attorney's Office (USAO) as a party. *See* Fed. R. App. P. 4(a)(1)(B). The USAO was never served, however, and made only a limited appearance to assert the court lacked jurisdiction over it. *See Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1340 (5th Cir. 1996) (stating court does not have jurisdiction over unserved party "unless it waived service or entered a general appearance"); *see also Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) ("A party makes a general appearance whenever it invokes the judgment of the court on any question other than jurisdiction."). Accordingly, our court lacks jurisdiction to consider the appeal. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) (timely filing notice of appeal is jurisdictional requirement).

DISMISSED.